## In re Anonymous No. 73 D.B. 84

Disciplinary Board Docket no. 73 D.B. 84.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MARROLETTI, *Member,* November 10, 1994—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On January 9, 1986 [    ] (petitioner) was disbarred by order of the Supreme Court of Pennsylvania.

Petitioner filed a petition for reinstatement and a reinstatement questionnaire on August 5, 1993.

The matter was assigned to Hearing Committee [    ], consisting of [    ], Esquire, Chairperson, and members [    ], Esquire and [    ], Esquire.

A hearing on the matter was held on November 17, 1993.

The Hearing Committee filed its report on April 22, 1994. The committee recommended granting reinstatement.

Neither party filed exceptions to the Hearing Committee report.

The matter was adjudicated at the June 22, 1994 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner was born in 1940. He was admitted to the bar in Pennsylvania in 1974.

(2) Petitioner pleaded guilty to two counts of mail fraud in federal court on June 28, 1984.

(3) Petitioner was disbarred by reason of this conviction by order of the Supreme Court of Pennsylvania on January 9, 1986.

(4) Petitioner was sentenced to and served 30 days of community confinement. Petitioner was sentenced to and completed five years of probation.

(5) Petitioner was fined $2,000 and ordered to pay restitution of $53,230.32. Petitioner was also found liable for civil damages of $23,000. Petitioner has paid the fine and the civil damages in full and has repaid all but $4,497 of the restitution. Petitioner is repaying this sum at $500 per month.

(6) Petitioner's misconduct did not harm any veteran or any client.

(7) Petitioner made complete arrangements for the winding down of his practice and for the protection of his clients.

(8) Over 10 years have passed since petitioner has stopped practicing law.

(9) Petitioner has presented evidence showing that his misconduct was caused by psychological conditions relating to rage and alcoholism, precipitated by a failure to receive a promotion. Petitioner's testimony on this point is supported by a psychological evaluation on petitioner.

(10) During the period of his suspension and disbarment, petitioner has been employed as an investigator by attorneys and insurance companies. Petitioner investigates complex serious injury cases.

(11) Petitioner has remained familiar with the law through his work and through research for a book he has published on this type of investigation. Petitioner has also completed the Pennsylvania basic practice course offered by the Pennsylvania Bar Institute.

(12) Petitioner presented the testimony of [A], a retired claims manager formerly in charge of the [    ] office for [B] Insurance, in support of his petition. [A] testified that petitioner has worked for [A's] office of [B] Insurance, and that petitioner has a very good reputation for honesty and truthfulness despite knowledge of his felony conviction in the insurance community.

(13) Petitioner presented the testimony of [C], the [    ] Pennsylvania area director of the [D] Veterans organization, in support of his petition. [C] testified that petitioner is known as pro-veteran and very helpful. He also testified that petitioner has helped a number of veterans receive help for alcoholism, and that pe-

titioner is known throughout the organization as very truthful, despite general knowledge of his felony conviction.

## III. CONCLUSIONS OF LAW

(1) Petitioner has demonstrated that the conduct responsible for his disbarment was not so egregious as to bar immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated that he has undertaken a substantial period of meaningful rehabilitation.

(3) Petitioner has shown by clear and convincing evidence that he possesses the moral qualifications necessary for admission to the practice of law in Pennsylvania.

(4) Petitioner has shown by clear and convincing evidence that he possesses the competency and learning in the law necessary for admission to the practice of law in Pennsylvania.

(5) Petitioner has shown by clear and convincing evidence that his reinstatement will not be detrimental to the integrity and standing of the bar, nor harmful to the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

The first inquiry that the board must make when considering a petition for reinstatement from a disbarred attorney is whether the "magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon the integrity and standing of the bar or the administration of justice nor subversive of the public interest." *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 579, 506 A.2d 872, 875 (1986). This inquiry involves an examination of the behavior resulting in the disbarment.

Petitioner in this case was disbarred upon conviction of two counts of a federal indictment stemming from the conversion of $53,230.32 from his employer, the federal government, during the period July 1980 through November 1981. In mitigation of this offense, petitioner testified that his illegal conduct stemmed from misdirected rage, triggered by hearing that a promotion he felt he had earned went to another because of improprieties in the promotion process. This testimony was supported by a report received in evidence from a psychologist, [E] Ph.D., in which Dr. [E] stated that the misconduct was the result of a "conflux of stressors, including withdrawal from alcohol, residual traumatic effects of his mothers (sic) death, a felt loss of self-esteem in his employment, and his chronic feelings of anger and rage." (Exh. P-7, p. 3.)

Dr. [E] also noted in this report that petitioner was taking a large dosage of the steroid Prednisone, which the Physician's Desk Reference notes can induce steroid psychosis (involving "impulsivity and severely impaired judgment"). (Exh. P-9, p. 3.) Petitioner still takes Prednisone, because it is necessary to control his asthma, but he is taking a lesser amount than at the time of the misconduct. Even more importantly, petitioner indicated in his testimony that should the feelings of rage ever become apparent again, he would immediately contact a doctor.

Furthermore, the Supreme Court has permitted the reinstatement of attorneys who have committed more serious offenses. *In re Anonymous No. 26 D.B. 81,* 7 D.&C.4th 260 (1990) involved an attorney convicted of bribery, perjury, lying to federal law enforcement officials, and laundering checks. This string of offenses did not bar his reinstatement. Another attorney was readmitted following disbarment upon conviction of conspiracy to smuggle gold into the United States. *In re Anonymous No. 22 D.B. 76,* 50 D.&C.3d 289 (1988).

A third attorney was reinstated following disbarment resulting from conviction of obstruction of justice. *In re Anonymous No. 48 D.B. 77,* 36 D.&C.3d 51 (1984). Petitioner's conduct is less egregious than these examples, and the board therefore finds petitioner has satisfied the first prong of the *Keller* threshold.

The second part of the inquiry under *Keller* is whether petitioner's activities show significant rehabilitation during a period of sufficient length to guarantee the meaningfulness of the rehabilitation. *Keller, supra* at 578-79, 506 A.2d at 874-75. Petitioner has been disbarred since January 1986, and was suspended prior to that. During this period he has undertaken a number of activities which demonstrate his rehabilitation.

On the most basic level petitioner has completed almost all of the requirements imposed on him by the federal court relating to his conviction. He has served his community confinement and his probation, of 30 days and five years, respectively, without incident. He has completely paid the fine of $2,000 and the civil judgment of $23,000. He paid all except $4,497 of the $53,230.32 in restitution at the time of the hearing. Petitioner is repaying this money at the rate of $500 per month.

Even more importantly, petitioner has shown that he has an understanding of how the misconduct happened and has taken steps to make sure nothing similar occurs again. Petitioner has participated in Alcoholics Anonymous and a program for adult children of alcoholics. He has also independently read a great deal on the subject of stress and stress management and has begun a regular exercise program. Petitioner testified that if he ever felt emotions akin to the rage he felt at the time of the misconduct, he would "go right to a doctor" for help. (N.T. 44.)

Petitioner has not been self-absorbed, either. In addition to starting and building a business as an inves-

tigator of complex serious injury cases to help support his family, he has remained involved with veterans' affairs. He has also helped others into the Alcoholics Anonymous program. One of petitioner's witnesses, [C], testified that an example of this was petitioner's intervention with a worker in [C's] office which led to that person's rehabilitation.

In addition, petitioner made very clear throughout the hearing that he was remorseful for his conduct, and understood the wrongfulness of it. This kind of insight has been considered in prior reinstatement cases as evidence of rehabilitation. See *In re Anonymous No. 26 D.B. 81, supra* at 270; compare *In re Anonymous No. 41 D.B. 73,* 6 D.&C.4th 9, 14 (1990) (reinstatement from suspension for soliciting clients).

In light of the evidence before it, the board concludes that petitioner has met the threshold established by *Keller.*

The next question the board must ask is whether the petitioner has met the requirements of Rule 218(c)(3)(i), Pa.R.D.E. The rule provides:

"A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest." Rule 218(c)(3)(i), Pa.R.D.E.

Petitioner met the burden of moral qualifications by presenting the testimony of [A] and [C]. [A] is retired from his position as claims manager for the [ ] region office of [B] Insurance. In that capacity he hired pe-

titioner as an investigator. As a result of his regular contacts with petitioner and those who know petitioner, he testified that petitioner's reputation was "beyond reproach" regarding truthfulness and honesty.

[C] serves as regional director for the [D] Veterans service organization ([    ]) in the [    ] Pennsylvania region. [C] testified that he has known petitioner since 1978 because of petitioner's employment at the [F], and that petitioner was known there as someone who was helpful to veterans, beyond the average [F] employee. Even though the [D] community was aware of petitioner's conviction, petitioner was known for his helpfulness and his honesty. Testimony similar to that of [A] and [C] from respected witnesses familiar with a petitioner has been considered in past cases to meet the burden of moral qualification. *In re Anonymous No. 32 D.B. 83,* 14 D.&C.4th 136 (1991). Therefore the board finds that petitioner has met the burden of showing moral qualification.

Petitioner has also shown his familiarity with the law. Petitioner has attended the basic Pennsylvania practice course offered by the Pennsylvania Bar Institute at [    ] University. Petitioner has also shown more than this. He testified that his work as an investigator on complex serious injury cases for attorneys and insurance companies has kept him in contact with lawyers. Petitioner stated that he often reviewed relevant legal sources when working on an investigation. Further, petitioner testified that he wrote a book on the type of investigations he conducts, and that while writing it he had to do legal research on a number of issues related to such investigations. While the opinions expressed by petitioner, in his book, are controversial and, in fact, distasteful to many legal practitioners, the book does demonstrate a substantial investment of time and effort on petitioner's part in producing a work that

illustrates why petitioner would be successful as an investigator of complex and serious injury cases for [B] Insurance Co., his principal client. The evidence supports a finding that petitioner has the competency and learning in the law necessary for admission to practice law in Pennsylvania.

Finally, under Rule 218, Pa.R.D.E. petitioner must show that his reinstatement will be "neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest." The evidence before the board in the instant case satisfies this requirement as well. In addition to the testimony and exhibits examined in other contexts above, the board particularly notes that while suspension was pending and petitioner was winding up his practice, petitioner took more than cursory care to make sure that his clients were not prejudiced by his withdrawal. This care suggests petitioner is aware of what a lawyer's duties are.

Petitioner's involvement with veterans, and his willingness to help those with alcohol problems is another indication that the public would be well served by petitioner's reinstatement. Petitioner testified that he has helped people into Alcoholics Anonymous, and this was corroborated by [C]. [C] testified that petitioner's help was instrumental in rehabilitating a staff member at the [D] office.

Also important on this point is petitioner's lack of any prior involvement with the disciplinary system as an attorney. The board also notes that the Office of Disciplinary Counsel has raised no objection to petitioner's reinstatement.

Therefore, the evidence, testimonial and documentary, before the board clearly and convincingly establishes petitioner's fitness in accord with the requirements for the practice of law. Accordingly, the board recommends reinstatement.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that petitioner, [    ], be reinstated to the practice of law.

It is further recommended that the court direct that petitioner pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 218(e), Pa.R.D.E.

Mr. Kerns, Ms. Lieber, and Ms. McGivern did not participate in the adjudication of this matter.

### ORDER

And now, December 1, 1994, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated November 10, 1994, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E. petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Montemuro is sitting by designation.